UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN W. MONROE,

        Plaintiff,

  v.
                                    Case No. 25-cv-166-pp

MICHELLE KING,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that he is not employed, he is not married and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The only income the plaintiff lists is $400 from a short-term job in 2024 and he lists no expenses at all. Id. at 2-3. The plaintiff does not own a car, his home or any other property of value and he says that he has approximately fifty cents in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I do not have permanent housing and have been staying with friends and family since late 2024. I use foodstamps to purchase all my food." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits by the Commissioner, that he is disabled and that the Administrative Law Judge (1) ignored and misrepresented evidence in the record, failing to consider all objective medical evidence; (2) failed to consider medical opinions from all medical sources and evaluate their persuasiveness; and (3) erred in not

2

analyzing all the plaintiff's conditions under the applicable Social Security Administration laws. Dkt. No. 1 at 1-2. The plaintiff states that the conclusions and findings of the ALJ are not supported by substantial evidence and are contrary to law and regulation. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 4th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
